STEVEN J. EYRE, CB# 119714
3550 WILSHIRE BOULEVARD, SUITE 420
LOS ANGELES, CALIFORNIA  90010
(213) 814-4416
fax (213) 985-2159
stevenjeyre@gmail.com

Attorney for plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

312 North Spring Street, Los Angeles, CA  90012

| | |
|---|---|
| LUIS MANUEL LOZANO PEÑA, <br><br> Plaintiffs, <br><br> -vs.- <br><br> JOSE FELIPE BARRIENTOS RODRIGUEZ, JOSE LUIS DAVILA, LUIS MONTES, JAVIER GAYTAN, BLAIR REYES, JAVIER GUTIERREZ AND ALAIN REYES, <br><br> Defendants. | **No.** <br><br> **COMPLAINT FOR:** <br><br> 1. **FEDERAL TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION;** <br> 2. **CANCELLATION OF REGISTRATION OF MARK;** <br> 3. **BREACH OF CONTRACT;** <br> 4. **BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING;** <br> 5. **FRAUD;** <br> 6. **TRADEMARK INFRINGEMENT UNDER CALIFORNIA COMMON LAW;** <br> 7. **UNFAIR COMPETITION UNDER CAL. BUS. AND PROF. CODE §§ 17200 *et seq.*;** <br> 8. **FALSE ADVERTISING UNDER CAL. BUS. AND PROF. CODE §§17500 *et seq.*;** <br> 9. **INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE;** |

**10. ACCOUNTING;**
**11. TEMPORARY, PRELIMINARY AND**
   **PERMANENT INJUNCTIVE**
   **RELIEF**
   **JURY TRIAL DEMANDED**

Plaintiff Luis Manuel Lozano Peña brings this action against defendants Jose Felipe Barrientos Rodriguez for (1) federal trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1051 et seq.; (2) cancellation of trademark registration; (3) breach of contract; (4) breach of covenant of good faith and fair dealing; (5) fraud; (6) injunctive relief and damages for violation of California state common trademark law; (7) unfair competition under California Business and Professions Code § 17200 *et seq.*; (8) false advertising under California Business and Professions Code § 17500 *et seq.*; (9) interference with prospective business advantage under California common law; and (10) accounting and (11) temporary, preliminary and permanent injunctive relief, as hereinafter alleged.  Plaintiff brings this action against defendants Jose Luis Davila, Luis Montes, Javier Gaytan, Blair Reyes, Javier Gutierrez and Alain Reyes for (1) injunctive relief and damages for unfair competition under the Lanham Act as well as under California statutory and common law.

Plaintiff alleges:

## JURISDICTION AND VENUE

1.      These claims arise under the laws of the United States, particularly under the federal Trademark Act, as amended, 15 U.S.C. § 1051 *et seq.*, and under California statutory and common law, including Cal. Bus. & Prof. Code § 17200 *et seq*. and Cal. Bus. & Prof. Code §§ 17500 *et seq.*  This Court has original jurisdiction over the subject matter of the Lanham Act claim pursuant to 28 U.S.C. §§ 1331 and 1138(a), and pendent jurisdiction over the state unfair competition and associated claims under 28 U.S.C. § 1338(b) in that said claims are joined with a substantial and related claim under the Trademark Laws of the United States and are

COMPLAINT

so related to the federal claims that they form part of the same case or controversy and arise from a common nucleus of operative facts.  15 U.S.C. §§ 1501 *et seq.*

2.      This Court has specific personal jurisdiction over all of the defendants as each resides in this judicial district or has purposefully committed, within the state, the acts from which these claims arise and/or has committed tortious acts outside California, knowing and intending that such acts would cause injury within the state.

3.      Venue is proper in the United States District Court for the Central District pursuant to 28 U.S. C. §§ 1391(b) and 1391(c) in that defendants reside in this District, transact affairs in this District or that a substantial part of the events or omissions giving rise to the claims herein occurred within this District.

## THE PARTIES

4.      Plaintiff Luis Manuel Lozano Peña is a citizen and resident of Texas.

5.      Defendant Jose Felipe Barrientos Rodriguez is a resident of the city of Matamoros, Tamaulipas, Mexico.

6.      Defendants Jose Luis Davila, Luis Montes, Javier Gaytan, Blair Reyes, Javier Gutierrez and Alain Reyes are residents of Matamoros, Tamaulipas, Mexico.

## GENERAL ALLEGATIONS

7.      Plaintiff is the owner of the musical group "Grupo Mojado," a musical group of the Regional Mexican musical genre to which plaintiff has belonged since at least as early as 1994.  The musical group "Grupo Mojado" is known for ranchera music as ballad music, and has been popular since its inception among the consumers of its music in Mexico and the United States.  Over the course of its musical career, the musical group "Grupo Mojado" has recorded numerous albums and has toured extensively throughout Mexico and the United States.

8.      Since formation of "Grupo Mojado," the group has continuously used the mark GRUPO MOJADO in commerce in connection with goods, namely sound recordings, and live entertainment services of plaintiff's musical group.

9.      Since becoming a member of the musical group since as early as 1994, plaintiff has continuously used the mark GRUPO MOJADO in connection with goods, namely sound recordings, and services, namely live entertainment services of a musical group.

10.     Plaintiff, the current director and owner of the musical group, has applied to register the mark GRUPO MOJADO with the United States Patent and Trademark Office ("USPTO") in connection with entertainment services of a musical group as well as sound recordings of the group.

## DEFENDANT JOSE FELIPE BARRIENTOS RODRIGUEZ SELLS HIS INTEREST TO PLAINTIFF

11.     In March 2001, defendant Jose Felipe Barrientos Rodriguez, who was at the time a member of the musical group "Grupo Mojado," entered into a written agreement with plaintiff by which defendant transferred to plaintiff "in perpetuity and irrevocably":

a.      All of defendant Jose Felipe Barrientos Rodriguez' interest and ownership in the musical group "Grupo Mojado";

b.      All rights in the GRUPO MOJADO mark used by the musical group in Mexico, the United States and anywhere else in the world;

c.      All property of the musical group "Grupo Mojado," including instruments, recording equipment, vehicles and any other property held in the name of Grupo Mojado and/or Jose Felipe Barrientos Rodriguez used as of that date;

d.      All royalties related to any sound recordings of Grupo Mojado made as of the date of the agreement;

e.    All of the shares and partnership interest of defendant in the Mojado Partnership formed in the United States and the company Promotora Musical M in Mexico.

12.    As consideration for the above assignments by defendant Jose Felipe Barrientos Rodriguez to plaintiff, plaintiff agreed to pay to defendant Jose Felipe Barrientos Rodriguez the sum of US$200,000 in installments, as follows:

a.  US$50,000 on or before May 15, 2001;

b.  US$50,000 on or before August 1, 2001;

c.  US$100,000 on or before April 15, 2002.

13.    Plaintiff made all of the above payments in a timely manner as set forth in the written agreement between plaintiff and defendant Jose Felipe Barrientos Rodriguez.

14.    In addition to executing the transfer of rights indicated above, in March 2001 defendant Jose Felipe Barrientos Rodriguez gave written notice to the accountant for the Mojado Partnership and to the record company of the musical group "Grupo Mojado," advising them that defendant had withdrawn from the musical group and assigned his rights in the musical group and its name GRUPO MOJADO to plaintiff.

15.    Defendant Jose Felipe Barrientos Rodriguez abandoned the GRUPO MOJADO mark and all rights to the name and group "Grupo Mojado" in March 2001, and the abandonment continued unabated for a period in excess of three (3) years.

## PLAINTIFF'S CONTINUOUS USE

16.    Since before the date that defendant Jose Felipe Barrientos Rodriguez transferred his rights in the musical group "Grupo Mojado" and the make GRUPO MOJADO, plaintiff has continuously used the mark GRUPO MOJADO in connection goods, namely the sound recordings of the musical group "Grupo

COMPLAINT

Mojado," and services, namely the live entertainment services of the musical group "Grupo Mojado."

## DEFENDANT'S WRONGFUL REGISTRATION

17.     In June 2010, defendant Jose Felipe Barrientos Rodriguez wrongfully applied to register the mark GRUPO MOJADO with the United States Patent and Trademark Office ("USPTO") in connection with goods, namely pre-recorded CDs, DVDs, etc., and services, namely the live entertainment services of a musical group, application Serial Number 85059501.

18.     In connection with his application to register the GRUPO MOJADO mark on the Principal Register of the USPTO, defendant Jose Felipe Barrientos Rodriguez signed the following statement:

> The undersigned, being hereby warned that willful
> false statements and the like so made are punishable
> by fine or imprisonment, or both, under 18 U.S.C.
> Section 1001, and that such willful false statements,
> and the like, may jeopardize the validity of the
> application or any resulting registration, declares that
> he/she is properly authorized to execute this
> application on behalf of the applicant; he/she
> believes the applicant to be the owner of the
> trademark/service mark sought to be registered, or, if
> the application is being filed under 15 U.S.C. Section
> 1051(b), he/she believes applicant to be entitled to
> use such mark in commerce; to the best of his/her
> knowledge and belief no other person, firm,
> corporation, or association has the right to use the
> mark in commerce, either in the identical form
> thereof or in such near resemblance thereto as to be

likely, when used on or in connection with the
goods/services of such other person, to cause
confusion, or to cause mistake, or to deceive; and
that all statements made of his/her own knowledge
are true; and that all statements made on information
and belief are believed to be true.

19.     At the time defendant Jose Felipe Barrientos Rodriguez signed the
foregoing statement, he knew it to be false.

20.     The true fact was that defendant Jose Felipe Barrientos Rodriguez
knew that he was not the owner of the GRUPO MOJADO mark at the time he
signed the above statement, nor did he believe that he was entitled to use the mark in
commerce in connection with the goods and services described in defendant's
application.

21.     Defendant Jose Felipe Barrientos Rodriguez made the above
statements to the USPTO to induce the USPTO to issue the registration of the
GRUPO MOJADO mark in his name.

22.     In reliance upon the false statements of Jose Felipe Barrientos
Rodriguez contained in his application to register the GRUPO MOJADO mark, on
May 31, 2011 the USPTO issued Registration No. 3,969,247 for the GRUPO
MOJADO mark and design in the name of defendant Jose Felipe Barrientos
Rodriguez.

23.     Plaintiff is informed and believes that on one or more occasions since
the date of wrongful registration of the GRUPO MOJADO mark by defendant Jose
Felipe Barrientos Rodriguez in 2011, defendant Jose Felipe Barrientos Rodriguez
has entered the United States to perform using the GRUPO MOJADO mark to
advertise, sell and market his services as a musician along with the services of the
members of his musical group.

24.     Plaintiff is further informed and believes that on one or more occasions since the date of wrongful registration of the GRUPO MOJADO mark by defendant Jose Felip Barrientos Rodriguez in 2011, defendant Jose Felipe Barrientos Rodriguez has "authorized" musicians under the employment or control to use the name "Grupo Mojado" in connection with the advertisement, selling and marketing of the services of the musical group, all without the consent or permission of plaintiff.

25.     Plaintiff is informed and believes, and based on such information and belief alleges, that defendants JOSE LUIS DAVILA, LUIS MONTES, JAVIER GAYTAN, BLAIR REYES, JAVIER GUTIERREZ and ALAIN REYES ("the Individual Defendants") are individuals who perform as musicians in connection with defendant Jose Felipe Barrientos Rodriguez in the United States and elsewhere under the name "Grupo Mojado" without plaintiff's consent or permission, or that defendant Jose Felipe Barrientos Rodriguez gives the Individual Defendants permission to use the "Grupo Mojado" name to advertise, sell and market the services of their musical group.

26.     Plaintiff is informed and believes, and based on such information and belief alleges, that as a result of the wrongful conduct of defendants and each of them, unscrupulous promoters and venue operators are taking advantage of defendant's usurpation of plaintiff's GRUPO MOJADO mark to mislead consumers into believing that plaintiff's musical group is the one scheduled to perform.

27.     Plaintiff is informed and believes, and based on such information and belief alleges, that wrongful conduct of defendant Jose Felipe Barrientos Rodriguez and the Individual Defendants will continue unabated until this Court grants the relief sought in this complaint.

## **FIRST CLAIM FOR RELIEF**
## **(FEDERAL TRADEMARK INFRINGEMENT AND**
## **UNFAIR COMPETITION)**

28.     Plaintiffs reallege and incorporate in this cause of action all previous paragraphs of this complaint.

29.     This claim for relief arises under 15 U.S.C. § 1125(a)(1)(A) and is alleged against all defendants.

30.     Plaintiff is the owner of the GRUPO MOJADO mark that he has continuously used since at least 1994, and which he has used since long prior to the March 2011 date on which defendant Jose Felipe Barrientos Rodriguez assign the GRUPO MOJADO mark, his interest in the "Grupo Mojado" musical group, and the other interests set forth above, to plaintiff.

31.     None of the defendants named in this action have any claim of ownership or colorable right to utilize the GRUPO MOJADO trade name or mark in connection with the goods and services of a musical group.

32.     The GRUPO MOJADO mark is an arbitrary mark and is therefore inherently distinctive and entitled to maximum trademark protection.  *See Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Management, Inc.,* 618 F.3d 1025, 1033 (9th Cir. 2010).

33.     Plaintiff's GRUPO MOJADO mark is a strong mark in that it has earned widespread recognition and success in the relevant marketplace, i.e. the Latin music market of the United States, for over twenty (20) years.

34.     The mark wrongfully usurped and registered by defendant Jose Felipe Barrientos Rodriguez is identical to the mark that plaintiff has continuously used for at least 22 years.

35.     The channels of trade in which the plaintiff's musical group "Grupo Mojado" markets its goods and services, i.e. the Latin music market of the United States, is identical to the channel of trade in which defendant's now attempt to

promote their competing musical group using the GRUPO MOJADO trade name and mark that defendant Jose Felipe Barrientos Rodriguez wrongfully usurped.

36.     There is a strong probability of likelihood of confusion arising from defendant's use of plaintiff's GRUPO MOJADO mark in connection with defendant's products and services.  Not only are defendants using plaintiff's mark to advertise defendant's services, in addition their actions have caused at least one promoter—and likely more—to utilize plaintiff's name and likeness in advertising the services of defendant's group.

37.     The actions of defendants, as alleged herein, have caused and stand to cause substantial damage to plaintiff's reputation and mark.

38.     The actions of defendants and each of them as herein alleged were and are intended to cause confusion, have caused confusion, and will continue to cause confusion unless enjoined.

39.     Defendant's acts of unfair competition are willful and deliberate and performed with the intent to reap the benefit of plaintiff's name, goodwill and reputation.

40.     By reason of defendant's acts of false designation, description and representation, as alleged above, plaintiffs have suffered, and will continue to suffer, substantial damage to their business reputation and goodwill, as well as loss of profits in an amount not yet ascertained.

41.     Defendant's actions of false designation, description and representation, as alleged above, have caused plaintiffs irreparable injury, and defendants threaten to continue to commit such acts, and unless restrained and enjoined, will continue to do so, all to plaintiff's irreparable injury.  Plaintiff's remedy at law is not adequate to compensate for injuries inflicted and threatened by defendants.

COMPLAINT

## SECOND  CLAIM FOR RELIEF
## (CANCELLATION OF REGISTRATION)

42.     Plaintiffs reallege and incorporate in this cause of action all previous paragraphs of this complaint.

43.     Plaintiffs are entitled to cancellation of the registration of the GRUPO MOJADO mark by defendant Jose Felipe Barrientos Rodriguez, Reg. No. 3,969,247 as plaintiff has priority of use of the GRUPO MOJADO mark and trade name in connection with the same or similar goods and services in the same channels of trade, and there is a likelihood of confusion caused by defendant's use of a registered mark that defendant obtained through fraud on the Trademark Office. Defendant's intent in choosing a mark that is confusingly similar to plaintiff's mark is highly relevant to the issue of confusion.

44.     Defendant's registered mark falsely suggests a connection with plaintiff's musical group and the goods and services thereof.  Defendant's actions demonstrate that the false suggestion is intentional.

45.     Defendant's registration of the GRUPO MOJADO mark was obtained through fraud in that defendant knew, as demonstrated by the specimen of use submitted in connection with their registration and by the contract and assignment made by defendant ten years earlier, that plaintiff owned and used the GRUPO MOJADO mark.

46.     Plaintiff has been damaged by the false statements and fraudulently obtained registration issued to defendant Jose Felipe Barrientos Rodriguez herein, and plaintiff's continued use of his GRUPO MOJADO mark will be impaired by the continued registration of the mark.

## THIRD CLAIM FOR RELIEF
## (BREACH OF CONTRACT)

47.     Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this complaint.

COMPLAINT

48.     Plaintiff and defendant Jose Felipe Barrientos Rodriguez entered into a valid contract in writing, which included the assignment by defendant Jose Felipe Barrientos Rodriguez of all of his interest in the "Grupo Mojado" musical group and the GRUPO MOJADO mark to plaintiff.

49.     Plaintiff has performed all of his obligations to defendant Jose Felipe Barrientos Rodriguez under the terms of the above-referenced, except for those obligation which are excused due to the breach and conduct by defendant Jose Felipe Barrientos Rodriguez.

50.     As a result of the breach by defendant Jose Felipe Barrientos Rodriguez, plaintiff has been damaged in an amount to be alleged by amendment.

## FOURTH CLAIM FOR RELIEF
## (BREACH OF COVENANT OF GOOD FAITH
## AND FAIR DEALING)

51.     Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this complaint.

52.     After entering into the agreement alleged above, defendant Jose Felipe Barrientos Rodriguez engaged in conduct which frustrated the purposes of the agreement.

53.     As a result of the breach of the covenant of good faith and fair dealing, plaintiff has suffered losses and expenses.

54.     As a result of the breach of the covenant of good faith and fair dealing by defendant Jose Felipe Barrientos Rodriguez, plaintiff has suffered a loss of profit.

## FIFTH CLAIM FOR RELIEF
## (FRAUD)

55.     Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this complaint.

COMPLAINT

56.     At the time that plaintiff and defendant Jose Felipe Barrientos Rodriguez entered into the agreement alleged herein, defendant Jose Felipe Barrientos Rodriguez represented to plaintiff in writing that he was transferring all rights and interest in the musical group "Grupo Mojado" and the GRUPO MOJADO mark worldwide in perpetuity in exchange for the payment of $200,000 (two hundred thousand dollars) to defendant Jose Felipe Barrientos Rodriguez.

57.     At the time defendant Jose Felipe Barrientos Rodriguez made the above representations, he knew them to be false.

58.     The true facts are that defendant Jose Felipe Barrientos Rodriguez did not intend to cease using the GRUPO MOJADO name or cease the activities of a "Grupo Mojado" musical group under his direction.

59.     At the time of Jose Felipe Barrientos Rodriguez' misrepresentations, plaintiff did not know the true facts.

60.     In reliance upon the misrepresentations of defendant Jose Felipe Barrientos Rodriguez, plaintiff entered into the agreement with defendant Jose Felipe Barrientos Rodriguez and paid the above-referenced sums to him.

61.     Plaintiff has been damaged as a result of the fraudulent conduct of defendant Jose Felipe Barrientos Rodriguez.

62.     As a result of plaintiff's reliance upon the fraudulent representations of defendant Jose Felipe Barrientos Rodriguez, plaintiff's total losses stand to reach $500,000 or more.

63.     On information and belief, the actions of defendant Jose Felipe Barrientos Rodriguez were motivated by oppression, fraud and malice.  Therefore, plaintiff is entitled to punitive damages against defendant Jose Felipe Barrientos Rodriguez in an amount to be proven at trial.

COMPLAINT

## SIXTH CLAIM FOR RELIEF
## (STATE TRADEMARK INFRINGEMENT)

64.     Plaintiffs reallege and incorporate in this cause of action all previous paragraphs of this complaint.

65.     Defendants' acts complained of herein constitute trademark infringement under the common law of California.

66.     Defendants' conduct as alleged above has damaged and will continue to damage plaintiffs' goodwill and reputation and has resulted in a loss of revenue to plaintiffs in an amount to be determined.

67.     Defendants' acts complained of herein constitute malice, oppression and/or fraud, thus entitling plaintiffs to recover punitive damages.

## SEVENTH CLAIM FOR RELIEF
## (UNFAIR COMPETITION—CAL. BUS. & PROF.
## CODE § 17200 *ET SEQ.*)

68.     Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this complaint.

69.     The acts and conduct of defendants as alleged above in this Complaint constitute unlawful, unfair, and/or fraudulent business acts or practices as defined by California Bus. & Prof. Code § 17200 *et seq.*

70.     Defendant Jose Felipe Barrientos Rodriguez' violation of federal law [15 U.S.C. § 1114 *et seq.* and 15 U.S.C. § 1125] and state common law, as alleged above in this Complaint, constitute an unlawful business practice.

71.     Defendant Jose Felipe Barrientos Rodriguez' acts of unfair competition have proximately caused and will continue to cause plaintiff to suffer injury in fact and loss of money and/or property in an amount to be proven at trial. Defendant's acts of unfair competition also have caused and are causing irreparable and incalculable injury to plaintiffs and to plaintiff's GRUPO MOJADO mark and trade name and to the business and goodwill represented thereby, and unless

enjoined, will cause further irreparable and incalculable injury, whereby plaintiffs have no adequate remedy at law.

## EIGHTH CLAIM FOR RELIEF

## (FALSE ADVERTISING – CAL. BUS. & PROF. CODE § 17500 *ET SEQ.*)

72.     Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this complaint.

73.     Plaintiff alleges based upon information and belief that in engaging the acts described above defendants have acted and continue to act, directly or indirectly, with the intent to sell, offer and/or induce the public to purchase and/or use and/or disseminate and/or cause to be disseminated before the public, by way of signs, newspaper, other publications or other advertising media, statements concerning defendant's goods and services which are untrue and/or misleading, and which defendants know are untrue and/or misleading.

74.     By the aforesaid acts, defendants have engaged in and are engaging in false advertising in violation of California Business & Professions Code § 17500 *et seq.*, resulting in injury in fact and loss of money and/or property by plaintiffs in an amount to be proven at trial.

75.     If defendants are permitted to proceed with the acts as aforesaid, plaintiffs will continue to be irreparably injured by reason of defendant's false advertising.

76.     If defendants are permitted to proceed to practice the aforesaid acts of false designation of origin and false description on the public, plaintiffs will sustain serious and irreparable injury.  Defendants have proceeded and are proceeding with the aforesaid acts deliberately and willfully.  Unless preliminarily and permanently enjoined by this Court, plaintiffs are informed and believe and therefore allege that there is a substantial possibility and threat of ongoing false

advertisement by defendants for which plaintiffs are without an adequate remedy at law.

77.     In addition, defendant's acts, if allowed to proceed and continue, will cause sales of plaintiff's goods and services to be lost or substantially diminished in value, and may require plaintiffs to prepare and publish corrective advertising to ameliorate confusion caused by defendant's actions, all to plaintiff's damage in an as yet unascertained amount.  Plaintiffs are informed and believe, and therefore allege, that defendant's acts may also result in substantial profits to defendants, to which defendants are not entitled.

## NINTH CLAIM FOR RELIEF
### (INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE)

78.     Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this complaint.

79.     This claim for relief arises under the common law of the State of California and is alleged against all defendants.

80.     Defendants and each of them, through their actions, have interfered with the prospective business advantage of plaintiffs by interfering with the right of plaintiffs to exploit and benefit commercially from plaintiff's GRUPO MOJADO mark and the goodwill of the business of plaintiff's musical group.

81.     Plaintiffs have been damaged by the tortious interference by defendants and each of them with plaintiff's economic relations in an amount to be determined.

82.     The aforementioned acts of defendants were and are willful, oppressive and malicious.  Plaintiffs therefore should be awarded punitive damages in an amount to be alleged by amendment to this complaint.

## TENTH CLAIM FOR RELIEF
## (ACCOUNTING)

83.     Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this complaint.

84.     This claim for relief arises under the common law of the State of California and is alleged against all defendants.

85.     Defendants are in possession of information relating to monies paid to defendants from their misleading and deceptive practices described herein, which represent a misappropriation of monies from plaintiffs.  The books, accounts, records, ledgers, etc. which will provide this information are in the possession of defendants and each of them.  The amount of damages, profits and interest owing to plaintiffs from defendants cannot be ascertained without an accounting by defendants and each of them.

86.     Defendants and each of them have also benefited economically from the usurpation of plaintiff's trade name and mark without accounting to plaintiffs for the income and profits realized by defendants and each of them as a result of such activities.

87.     Plaintiffs hereby demand, and are entitled to, an accounting of all monies received by defendants and each of them from their use of plaintiff's mark and trade name.

## ELEVENTH CLAIM FOR RELIEF
## (TEMPORARY, PRELIMINARY AND
## PERMANENT INJUNCTIVE RELIEF)

88.     Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this complaint.

89.     The continuing wrongful acts of defendants herein have harmed and continue to harm the interest of plaintiffs in the use of the name and mark "GRUPO MOJADO."  If this court does not issue a temporary, preliminary and permanent

COMPLAINT

injunction against defendants and each of them prohibiting the use of the name "Grupo Mojado" and other confusingly similar terms, including without limitation "Mojado," in connection with the goods and services of defendant Jose Felipe Barrientos Rodriguez's musical group, plaintiffs will suffer irreparable harm for which there is no adequate remedy at law.

## <u>PRAYER</u>

WHEREFORE, plaintiff prays for relief as follows:

1.   For an order requiring defendant Jose Felipe Barrientos Rodriguez to show cause, if they have any, why he and his fellow defendants should not be enjoined as set forth below, during the pendency of this action;

2.   For a temporary restraining order, a preliminary injunction, and a permanent injunction, all enjoining defendants and each of them and their agents, servants, employees and co-venturers, and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from engaging in or performing any of the following acts:

a.   using the GRUPO MOJADO mark or trade name alone or in combination with any other words or symbols which so resemble plaintiff's mark and name "Grupo Mojado," including without limitation "Mojado," as to be likely to cause confusion, deception or mistake, on or in connection with the advertising, offering for sale, or sale of any product or service which is not plaintiff's or not authorized by plaintiffs to be sold in connection with each of said marks and name;

b.   contacting promoters, advertisers or other businesses for the purpose of offering the services of defendants as "Mojado" or any confusingly similar or colorable imitation of the "Mojado" name, including without limitation "Grupo Mojado";

c.   using any trademark, trade name, logo, business name or other identifier or acting in any fashion which may be calculated to falsely represent that the goods

and services provided, promoted or offered by defendants are sponsored by, authorized by, licensed by, or in any other way associated with plaintiffs;

d.     engaging in any other activity constituting an infringement of plaintiff's mark or trade name or of plaintiff's rights in, or right to use or to exploit said mark or trade name;

e.     doing or causing to be done any further acts in violation of California Business and Professions Code § 17500 *et seq.*; and

f.     assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (e) above;

3.   That the Court direct that defendant Jose Felipe Barrientos Rodriguez pay plaintiff's general, special and actual and statutory damages as follows:

a.     Plaintiff's damages and defendant's profits pursuant to 15 U.S.C. § 1117(a) and California Business and Professions Code § 17200 *et seq.* and § 17500 *et seq.*;

b.     Such other damages as the Court shall deem to be just and equitable;

c.     Punitive damages, in an amount to be determined by the Court, for defendant's malicious, willful, intentional, deliberate and tortious conduct; and

d.     Interest, including prejudgment interest, on the foregoing sums;

4.   For an accounting of all monies received by defendants from their activities in connection with the use of the name "Grupo Mojado" or any other term that includes the name "Mojado";

5.   That the Court order defendants to pay to plaintiffs both the costs of this action and the reasonable attorneys' fees incurred by plaintiffs in prosecuting this action; and

6.  That the Court grant to Plaintiffs such other and additional relief as is just and proper.

Dated:  May 31, 2016

/stevenjeyre/
Steven J. Eyre
Attorney for plaintiffs

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial of this action by a jury.

Dated:  May 31, 2016

/stevenjeyre/
Steven J. Eyre
Attorney for plaintiffs

COMPLAINT